UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN CHEMICAL SOCIETY
DIVISION OF CHEMICAL EDUCATION
EXAMINATIONS INSTITUTE,

    Plaintiff,

v.                                                    CASE NO: 8:10-cv-974-T-23TBM

TORI GOTTSCHALL,

    Defendants.
_____/

## **ORDER AND PERMANENT INJUNCTION**

The plaintiff and the defendant Teri Gottschall's "Agreed Motion for Entry of Consent Injunction" (Doc. 5) is construed as an agreed motion for entry of the attached permanent injunction, and the motion is **GRANTED IN PART** as follows. The parties agree that the plaintiff owns copyrights in the work, "Preparing For Your ACS Examination in General Chemistry: The Official Guide" (the "Guide"), and the parties agree that the plaintiff's copyrights are enforceable against Gottschall. The parties further agree that Gottschall infringed the plaintiff's copyrights in the Guide.

Pursuant to Rule 65(d), Federal Rules of Civil Procedure, Gottschall, her agents, servants, employees, attorneys, and successors, and any person in concert or participation with them who receive actual notice of this order are **PERMANENTLY ENJOINED** from reproducing, copying, making derivative works from, or distributing the Guide, in whole or in part, in any manner.

No later than five days after entry of this order, Gottschall shall (1) permanently delete or destroy any copy of the Guide in her possession, custody, or control and (2) inform each person or entity who inquired about the version of the Guide that Gottschall offered for sale on Amazon.com that Gottschall's "Guide" was an unauthorized and infringing version of the Guide. Gottschall shall refund any money accepted from any person or entity who purchased a copy of Gottschall's unauthorized Guide.

To the extent the parties request an injunction against Gottschall's reproducing "any other copyrighted material owned by" the plaintiff, the motion (Doc. 5) is **DENIED**. The breadth of the proposed injunction permits the plaintiff to assert any future infringement claim (for any copyright that the plaintiff now owns or may acquire in the future) against Gottschall by the expedient of filing a motion to enforce the consent injunction, thereby circumventing important procedural, jurisdictional, and constitutional requirements. See Chandler v. James, 180 F.3d 1254 (11th Cir. 1999) (Tjoflat, J., concurring); S.E.C. v. Sky Way Global, LLC, __ F. Supp. 2d __, 2010 WL 1626395 (M.D. Fla. Apr. 22, 2010) (discussing the impropriety and futility of an "obey the law" injunction). To the extent the parties request an injunction directing Gottschall to "permanently refrain from making or causing others to make . . . any disparaging or negative statements or comments . . . regarding" the plaintiff, the motion (Doc. 5) is **DENIED**. See Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel Employees and Rest. Employees Int'l Union, 239 F.3d 172, 176 (2d Cir. 2001) ("[P]rior restraints are 'the most serious and the least tolerable infringement on First Amendment rights.' When a prior

restraint takes the form of a court-issued injunction, the risk of infringing on speech protected under the First Amendment increases." (quoting Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 559 (1976)); Community for Creative Non-Violence v. Pierce, 814 F.2d 663, 672 (D.C. Cir. 1987) ("The usual rule is that equity does not enjoin a libel or slander and that the only remedy for defamation is an action for damages.").

The court retains jurisdiction for the limited purpose of enforcing this injunction. The court otherwise declines to retain jurisdiction to enforce any settlement agreement independently negotiated by the parties. See Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375 (1994). The Clerk is directed to (1) enter judgment in favor of the plaintiff and against Gottschall, (2) terminate and pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on June 23, 2010.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

xc: Courtroom Deputy